**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------XCIVIL ACTION No. 08 CV 4343
**JOSE ROSA,**

**VERIFIED COMPLAINT**

**PLAINTIFF,**

**JURY DEMAND**

        **- against -**


**CITY OF NEW YORK,**
**NEW YORK CITY POLICE DEPARTMENT (NYPD)**
**TRAFFIC OFFICER JOHN DOE**

                                **DEFENDANTS.**
-------------------------------------------------------------------- X

        The plaintiff, complaining of the defendants, by his attorneys Law Office of

Jose A. Muñiz, P.C., respectfully shows to this Court and alleges:

**JURISDICTION**

1.      That Jurisdiction is founded upon the existence of a Federal Question.

2.      That this is an action to redress the deprivation under color of statute,
        ordinance, regulation, custom or usage of a right, privilege, and
        immunity secured to plaintiff by the First and Fourteenth Amendments
        to the Constitution of the United States (42 U.S.C. §1983) and arising
        under the law and statutes of the State of New York.

3.      Jurisdiction is founded upon U.S.C. §1331 AND 1343(3) and (4), this
        being an action authorized by law to redress the deprivation under color
        of law, statute, ordinance, regulation, custom and usage of a right,
        privilege, and immunity secured to a plaintiff by the First and Fourteenth
        Amendments to the Constitution of the United States.

4.    The matter in controversy exceeds, exclusive of interest and costs, the sum of value of FIFTY THOUSAND ($50,000.) DOLLARS.

PARTIES

5.    That the Legal Resident Alien of the United States and he is a resident of the City and State of New York, County of New York.

6.    Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

7.    Upon information and belief, that at all times hereinafter mentioned, the defendant THE CITY OF NEW YORK, its agents, servants and employees operated, maintained and controlled the Police Department of the City of New York, including all the police officers thereof.

8.    Upon information and belief, that at all times hereinafter mentioned, and on or prior to the 5th day of February 2007, Police Officer John Doe, of the Traffic Division, was employed by defendants, the CITY OF NEW YORK, as a Traffic Police Officer.

9.    Upon information and belief, that at all times hereinafter mentioned, and on or about 5th day of February, 2007, Traffic Police Officer John Doe, was employed by defendant the CITY OF NEW YORK as a Traffic Police Officer.

10.    This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments to the

Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983 and the rights under the Constitution and laws of the State of New York.

11.     Each and all of the acts of the defendants alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State and City of New York and the County of Bronx and under the authority of their office as police officers of said state, city and county.

**PENDENT STATE CLAIMS**

<u>AS AN FOR THE FIRST CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF FOR FALSE ARREST</u>

12.     The plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked FIRST through ELEVEN with the same force and effect as if more fully set forth herein.

13.     That on or about the 5th day of February, 2007, New York State, Bronx County, the defendants, their agents, servants and employees wrongfully and falsely arrested, imprisoned and detained plaintiff, JOSE ROSA, without any right or grounds thereof. That the said arrest and imprisonment was caused by the defendants, their agents, servants and employees, without any warrant or other legal process and without authority of the law and without any reasonable cause or belief that the plaintiff, JOSE ROSA, was in fact guilty of any crimes.

14.    That on the aforesaid date, time and place, the plaintiff, who was lawfully and properly on the streets of New York, was forcibly arrested.

15.    That the defendants, their agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff even though the defendants, their agents, servants and employees, had the opportunity to know or should have known, that the matters hereinbefore alleged, wrongfully, unlawfully and without a sufficient charge having been made against the plaintiff, directed that the plaintiff be searched and placed in confinement in Bronx County.

16.    That the plaintiff was wholly innocent of the said criminal charges and did not contribute in any way to the conduct of the defendants, their agents, servants and employees and was forced by the defendants to submit to the aforesaid arrest and imprisonment thereto entirely against his will.

17.    That by reason of the false arrest, imprisonment and detention of the plaintiff, plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and greatly injured in his credit and circumstances and was then and there prevented and hindered from performing and transacting his necessary affairs and business, and he was caused to suffer much pain in both mind and body.

18.    Plaintiff was released hours later, from the 45th Precinct.  By the reason of the aforesaid, the plaintiff has been damaged in the sum to be determined at trial.

## AS AN FOR THE SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF FOR ASSAULT/BATTERY AND
## EXCESSIVE USE OF FORCE IN VIOLATION OF HIS CIVIL RIGHTS

19.    The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked FIRST through EIGHTEEN, with the same force and effect as if more fully set forth herein.

20.    That on or about the 5th day of February, 2007, at the location known and designated as 176th and Jerome Avenue in the County of Bronx, City and State of New York the defendant, his agents, servants and employees within the scope of their employment intentionally, willfully and malicious assaulted and battered Plaintiff, Jose Rosa, in that they had the real or apparent ability to cause imminent harmful and/or offensive bodily contact and intentional did a violent and menacing act which threaten such contact in the plaintiff, and defendant's in a hostile and/or offensive manner touched and beat the plaintiff, without his consent and with the intention of causing plaintiff harmful and/or offensive bodily contact and caused such batter in/and about his head, neck and body.

21.    That the defendant, his agents, servants and employees acting within the scope of their employment, detained and imprisoned the plaintiff in such a battered condition and denied him medical attention even though Plaintiff was visibly injured and in need of such attention, and there by through there omissions compounded the plaintiff injury.

22. That as a result of the aforesaid assault and battery made by the defendants, their agents, servants and employees acting under their employment and within the scope of their authority, the plaintiff suffered severe injuries about his head, neck and body and was rendered sick, sore, and lame, and disabled and among other things, he suffered conscious pain and suffering and that he was otherwise damaged.

23. By the reason of the aforesaid, the plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

<u>AS AN FOR THE THIRD CAUSE OF ACTION<br>ON BEHALF OF PLAINTIFF FOR NEGLIGENCE<br>NEGLIGENCE IN HIRING AND RETAINING</u>

24. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked FIRST through TWENTY THREE with the same force and effect as if more fully and at length set forth herein.

25. That the defendant, THE CITY OF NEW YORK, was careless and reckless in hiring and retaining as and for its employees, the above named individuals, in that the said defendants lacked the experience, deportment and ability to be employed by the defendant; in that the defendant failed to exercise due care and caution in its hiring practices, and in particular, in hiring the defendant employees who lacked the mental capacity and the ability to function as employees of the aforementioned defendant; in that defendant, THE CITY OF NEW YORK, failed to investigate the above named defendant's background and in that they hired and retained as employees of their police department

individuals who were disciplined in prior employment, in that the defendants lacked the maturity, sensibility and intelligence to be employed by the defendant; in that the defendant knew of the lack of ability, experience, deportment and maturity of said defendant employees, when they hired them to be employees, and, in that the defendants, their agents, servants and employees were otherwise careless, negligent and reckless.

26.   That the aforesaid occurrence to wit: the false arrest and imprisonment, and malicious prosecution resulting in injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the part of the plaintiff.

27.   That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees, including counsel fees and disbursements, and; upon information and belief, will expend further sums in that direction and the plaintiff has been otherwise damaged.

28.    That by reason of the aforesaid, the plaintiff has been damaged in the sum to be determined at trial.

<u>AS AN FOR THE FOURTH CAUSE OF ACTION</u>
<u>ON BEHALF OF PLAINTIFF FOR NEGLIGENCE IN TRAINING</u>
<u>AND SUPERVISING</u>

29.    Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs marked FIRST through TWENTY EIGHT with the same force and effect as if more fully and at length set forth herein.

30.    That the defendants, their agents, servants and employees negligently, carelessly and recklessly failed to properly train and supervise their employees, in particular, the named defendants, in that they failed to train their employees in the proper use of departmental rules and regulations, to control their tempers and exercise the proper deportment and temperament; and to otherwise act as a reasonable, prudent detectives; failed to give them proper instruction as to their deportment, behavior and conduct as representatives of their employer; and, in that the defendants, their agents, servants and employees were otherwise reckless, careless and negligent.

31.    That the aforesaid occurrence to wit: the false arrest and imprisonment, and the resulting injuries to mind and body therefrom, were caused wholly and solely by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the part of the plaintiff.

32.     That by the reason of the aforesaid, the plaintiff was injured in mind and
        body, still suffers and upon information and belief, will continue to
        suffer great mental pain, and he was rendered incapacitated from his
        usual occupation and will, upon information and belief, be so
        incapacitated in the future, and he has expended and incurred diverse
        sums of money in an effort to cure himself of said injuries, to extricate
        himself from the indignities and humiliation foisted upon him by the
        actions of the defendants, their agents, servants and employees,
        including counsel fees and disbursements; and, upon information and
        belief, will expend further sums in that direction, and the plaintiff has
        been otherwise damaged.

33.     By the reason of the aforesaid, the plaintiff has been damaged in a sum
        to be determined at trial.

<u>AS AN FOR THE FIFTH CAUSE OF ACTION
ON BEHALF OF PLAINTIFF FOR NEGLIGENCE IN
PERFORMANCE OF DUTIES</u>

34.     Plaintiff repeats, reiterates and re-alleges each and every allegation
        contained in paragraphs marked FIRST through THIRTY THREE with the
        same force and effect as if more fully set forth herein.

35.     That the defendants, its agents, servants and employees negligently,
        carelessly and recklessly performed their police duties in that they
        failed to use such care in the performance of their police duties as a
        reasonably prudent and careful police officer would have used under
        similar circumstances; in that they carelessly, recklessly and

negligently arrested the plaintiff without making a proper investigation; falsified legal documents, and issued false summonses, and or otherwise negligently, carelessly and recklessly prepared said documents, solely to injure the plaintiff; and in that the defendants, their agents, servants and employees were otherwise careless, reckless and negligent.

36.    That the aforesaid occurrence, to wit : the false arrest and imprisonment and the resulting injuries to mind and body therein, were caused wholly and solely by reason of the negligence of the defendant, its agents, servants and employees without any negligence on the part of the plaintiff.

37.    That by reason of the aforesaid, the plaintiff was injured in mind and body, still suffers and upon information and belief, will continue to suffer great mental pain, and he was rendered sick, and disabled and so remains, and he was incapacitated from his usual occupation and will, upon information and belief, be so incapacitated in the future, and he has expended and incurred diverse sums of money in an effort to cure himself of said injuries of said injuries to extricate himself from the indignities and humiliation foisted upon him by the actions of the defendants, their agents, servants and employees; including counsel fees and disbursements; and, upon information and belief, will expend further sums in that direction, and the plaintiff has been otherwise damaged.

35. That by reason of the aforesaid, the plaintiff has been damaged in the sum to be determined at trial.

**FEDERAL CLAIMS**

### AS AND FOR A SIXTH CAUSE
### ON BEHALF OF PLAINTIFF FOR VIOLATION OF HIS
### CIVIL RIGHTS UNDER 42 USC § 1983

36.    Plaintiff repeats reiterates and re-alleges each and every allegation contained in paragraphs marked FIRST through THIRTY – FIVE with the same force and effect as if more fully and at length set forth herein.

37.    That on or about the 5th day of February, 2007, of that day, at the premises known and designated in the Street, New York State, Bronx County, plaintiff JOSE ROSA was lawfully and properly on the Street of Bronx County, City and State of New York at which time and place defendants then and there were at as part of their regular and official employment as Traffic Police Officer for the defendant, THE CITY OF NEW YORK, falsely arrested plaintiff.

38.    Immediately thereafter, the aforementioned defendants, their agents, servants and employees falsely arrested and imprisoned the plaintiff, and deprived him of his rights and liberties as set forth in the Constitutions of the United States and of the State of New York; in that they imprisoned him without any conduct on the part of the plaintiff to so warrant; to wit:

a)    in that all of the actions of the defendants, their agents, servants and employees, were committed with the intention to cause

mental injury to the plaintiff, to arrest, restrain and imprison the plaintiff without his consent, the plaintiff was at all times conscious of his arrest, did not consent to the false arrest and imprisonment was not otherwise privileged; and,

b)  the arrest and imprisonment were not justified by probable cause or other legal privilege; defendants, their agents, servants and employees, acting under the color of statue, ordinances, regulations, customs and usages of the State, City of New York and County of Bronx, and under the authority of their office as police officers for said City, falsely charged the plaintiff with crimes although the defendants, acting in such capacity knew that such charges were false; and,

c)  That the defendants, their agents, servants and employees failed to adequately and properly hire, retain, train, supervise, discipline or in any other way control the behavior and performance of the defendants, their agents, servants and employees and in their hiring practices in the exercise of their police functions and their failure to enforce the laws of the State and City of New York is evidence of the reckless lack of cautious regard for the rights of the public, including plaintiff and exhibited a lack of that degree of due care which prudent and reasonable individuals would show in executing the duties of the defendants; And,

d)  The failure of the defendants, their agents, servants and employees to hire, train, supervise, discipline or in any other way control the defendants, in the exercise of their functions and their failure to enforce the laws of the State of New York and the City of New York was and is carried out willfully, wantonly, maliciously and with such reckless disregard for the dangers of harm and injury to the citizens of the State and City of New York including plaintiff; And,

e)  Due to the acts of the defendants, their agents, servants and employees herein, the failure of the City of New York to discipline and properly hire the defendants and the continued employment of the defendants present a clear and present danger to the citizens of the City and the State of New York; And,

f)  That the defendants, their agents, servants and employees permitted the use of policy and/or drafted policy that was violative of the Constitutional right of the above named plaintiff; in that each and all of the acts of the defendants, their agents, servants and employees alleged herein were done not as individuals but under the color and pretense of the statutes, ordinances,

regulations, customs and usages of the State of New York, the City of New York and the County of the Bronx, and under the authority, of their office as police officers for said city and county.

g) That the defendants, their agents, servants and employees assaulted and battered  and used excessive force on the plaintiff, causing physical and mental injury to the plaintiff.

39 .   Plaintiff did not commit any illegal act, either before or at the time he was falsely arrested and imprisoned, and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Section 1983 and the Constitution of the State of New York.

40.   That at all times hereinafter mentioned, the defendants were employed in their respective capacities by the defendants THE CITY OF NEW YORK and were acting under the color of their official capacity and their acts were performed under the color of the policies, statutes, ordinances, rules and regulations of City of New York.

41.   That at all times hereinafter mentioned, defendants, Detective John Doe One and John Doe two, were acting pursuant to order and directives from defendant THE CITY OF NEW YORK.

42.   That during all times hereinafter mentioned, the defendants police officers each of them, separately, and in concert acted under color and pretense of law, to wit: under color of the statutes, ordinances, regulations, customs and usages of the City of New York and the defendants here, separately and in concert, engaged in the illegal

conduct here mentioned to the injury of the plaintiff, JOSE ROSA, and deprived plaintiff of the rights, privileges and immunities secured to plaintiff by the Fourth, Sixth and Fourth teen Amendments to the Constitution of the United States and the laws of the United States.

43.   The unlawful and illegal conduct of the defendants, their agents, servants and employees and each of them, deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States and the State of New York:

   a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth Amendment to the Constitution of the United States; and,

   b) The right of the plaintiff to be informed of the nature and cause of the accusation against him as secured to him under the Sixth and Fourth Amendments to the Constitution of the United States; and,

   c) The right of the plaintiff not to be deprived of life, liberty or property without due process of law, and the right to equal protection of the laws secured by the Fourteenth Amendment to the Constitution of the United States.

44.   That by reason of the aforesaid violations, false arrest and false imprisonment, assault and battery and the use of excessive force by the defendants, their agents, servants and employees, plaintiff was subjected to great indignities and humiliation, and pain and distress of mind and body and was held up to scorn and ridicule, injured in his character and reputation, was prevented from attending his usual business and vocation and was injured in his reputation in the community.

45.    That by reason of the aforesaid, the plaintiff requests the following

relief:

a) Compensatory damages;

b) Punitive damages;

c) An award of reasonable attorney's fees, costs and disbursements;

d) Plaintiff requests a trial by jury of all issues involved in this complaint;

e) Such other and further relief as this Court may deem just, meet and proper under the circumstances.

WHEREFORE, the plaintiff demands judgment against the defendants to be

determined at trial and for such other and further relief as this Court deems just

and proper.

Dated:  New York, New York
        April 25, 2008


_____/S/_____
BY: JOSE A. MUÑIZ, ESQ.
LAW OFFICE OF JOSE A. MUÑIZ, P.C.
Attorney for Plaintiff, JOSE ROSA
277 BROADWAY, SUITE 108
NEW YORK, NEW YORK, 10007