USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/20/08





THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**CAROLINE CHEN**
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
Email: cchen@law.nyc.gov

May 28, 2008

MEMO ENDORSED

**BY HAND**
Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Application granted.
SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
6/18/08

Re: Jose Rosa v. City of New York, et al.
08 CV 04343 (WHP)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the above-referenced matter. I write to respectfully request that defendant City of New York be granted a sixty day enlargement of time from May 29, 2008 to July 29, 2008, to answer or otherwise respond to the complaint. Plaintiff's counsel consents to the instant application.

In the complaint, plaintiff alleges, *inter alia*, that, on or about February 5, 2007, defendant violated his constitutional rights when he was purportedly false arrested, assaulted and thereafter denied medical treatment by a John Doe New York City Police Officer.

An enlargement of time is necessary in order for defendant to investigate the allegations in the complaint in accordance with Rule 11 of the Federal Rules of Civil Procedure. First, the additional time will allow defendant to access pertinent information regarding this matter. This office has already forwarded to plaintiff a release and request that plaintiff consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal investigation, and defendant cannot obtain these records without the designation. Similarly, defendant has already forwarded to plaintiff medical releases so that we can access his medical records in an effort to investigate his alleged injuries. Without the releases and documents, defendant cannot properly assess this case or respond to the complaint.

Furthermore, an enlargement will allow plaintiff to identify the "John Doe" defendant against whom plaintiff makes his allegations. Once plaintiff identifies said "John Doe" officer and effects timely service on said individual, the extension of time should allow this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent this individually named defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to July 29, 2008.

Thank you for your consideration of this request.

Respectfully submitted,

Caroline Chen
Assistant Corporation Counsel

cc: Jose A. Muniz, Esq. (by first class mail)
*Attorney for Plaintiff*
277 Broadway, Suite 108
New York, New York 10007