USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/5/08

THE CITY OF NEW YORK

**MICHAEL A. CARDOZO**
*Corporation Counsel*

LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

**CAROLINE CHEN**
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367
Email: cchen@law.nyc.gov

*MEMO ENDORSED*

July 28, 2008

**BY HAND**
Honorable William H. Pauley, III
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

*Application granted*
SO ORDERED:
WILLIAM H. PAULEY III U.S.D.J.
8/4/08

Re: Jose Rosa v. City of New York, et al.
    08 CV 04343 (WHP)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the above-referenced matter. For the reasons set forth herein, I write to respectfully request that defendant City of New York be granted a forty-five day enlargement of time, from July 29, 2008 to September 12, 2008, to answer or otherwise respond to the complaint. This is the second request for an enlargement of time, and plaintiff's counsel consents to the instant application.

In the complaint, plaintiff alleges, *inter alia*, that, on or about February 5, 2007, defendant violated his constitutional rights when he was purportedly falsely arrested, assaulted and thereafter denied medical treatment by a John Doe New York City Traffic Police Officer. Based on this and other information in the complaint, this office conducted diligent searches for documents pertaining to plaintiff's purported arrest and assault on or about February 5, 2007. Searches were also conducted based on information provided on a release from plaintiff. However, neither the information provided in the complaint nor on plaintiff's release have yielded any police records regarding plaintiff's alleged arrest and assault on February 5, 2007. In addition, for the first time earlier today I was informed by plaintiff's counsel that charges against plaintiff were purportedly "dismissed out of the precinct." This additional information will allow this office to conduct further and likely different searches for information and documentation regarding the alleged incident. Finally, we continue to await plaintiff's medical records from a medical provider whom plaintiff purports either examined or treated him for injuries arising from the incident. Defendant City respectfully submits that without any of the

above-mentioned documents or an identified individual defendant, it cannot properly answer or respond to the complaint.

In addition, plaintiff's counsel has indicated that he will again make efforts to obtain information from plaintiff to identify the arresting officer or other officer(s) who were involved with plaintiff's arrest and/or processing on February 5, 2007. Should plaintiff identify the "John Doe" officer, the additional time would allow plaintiff to effect timely service on said individual. The additional time would further permit this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent the identified individual defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

For the above-mentioned reasons, defendant City of New York respectfully requests that the Court grant defendant until September 12, 2008, to answer or otherwise respond to the complaint.

I thank the Court for its time and consideration of this request.

Respectfully submitted,

Caroline Chen
Assistant Corporation Counsel

cc: Jose A. Muniz, Esq. (by fax and first class mail)
*Attorney for Plaintiff*
277 Broadway, Suite 108
New York, New York 10007